**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEFF R. BOGGESS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-2312-BH (L) |
| | § | |
| **TEXAS MUTUAL INSURANCE** | § | |
| **COMPANY and MARTHA BLAKELY,** | § | |
| **f/k/a MARTHA BLAKELY BOGGESS** | § | |
| in her capacity as a Joint Managing | § | |
| Conservator of M.A.B.B. and K.B.B., | § | |
| minors | § | |
| | § | |
| Defendants. | § | **Consent Case** |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the District Court's *Order of Transfer*, filed February 22, 2007, and the consent of the parties, this matter has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court are the following pleadings:

(1)  *Plaintiff's Unopposed Motion for Leave to File Out-of-Time Motion for Judgment on the Pleadings and Answer to Texas Mutual Insurance Company's First Amended Counterclaim in Interpleader and Plaintiff's Opposed Motion for Leave to File Out-of-Time Opposition to Defendant Blakely's Motion to Transfer Venue and Plaintiff's Opposed Motion to File Corrected Affidavit in Place of Defective Affidavit Previously Submitted in Opposition to Motion to Transfer Venue and Brief in Support Thereof* ("Mot."), filed February 23, 2007;

(2)  *Defendant Martha Blakely's Response to Plaintiff's Motion for Leave, Motion to Strike, and Brief in Support Thereof* ("Resp."), filed March 5, 2007; and

(3)  *Appendix to Defendant Martha Blakely's Response to Plaintiff's Motion for Leave, Motion to Strike, and Brief in Support Thereof* ("Resp. App."), filed March 5, 2007.

After consideration of the pleadings, evidence, and applicable law, Plaintiff's motions are

hereby **GRANTED**.

## I. BACKGROUND

Plaintiff Jeff R. Boggess ("Plaintiff") filed suit on December 16, 2006, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. The suit challenges a state court order awarding a portion of Plaintiff's pension plan to his former wife, Defendant Martha Blakely Boggess ("Blakely"), and their minor children as part of a divorce.

Defendant Texas Mutual Insurance Company ("TMIC"), the administrator of Plaintiff's contested pension plan, filed an amended counterclaim in interpleader against Plaintiff on January 16, 2007. Defendant Blakely filed a motion to transfer venue from the Northern District of Texas to the Western District of Texas, Austin Division, on January 17, 2007. Two days later, Defendant Blakely submitted to the Court her notarized affidavit in support of her motion to transfer venue. Plaintiff and Defendant Blakely agreed to an extension of time until February 16, 2007, for Plaintiff to file his responsive pleadings.[1]

Shortly after midnight on Saturday, February 17, 2007, Plaintiff time-stamped and placed three documents in the Court's after hours drop-box. Plaintiff submitted the *Counter-Defendant Jeff R. Boggess' Answer to Texas Mutual Insurance Company's First Amended Counterclaim in Interpleader* which begins with a motion for judgment on the pleadings reflects a time stamp of 12:02 A.M. Plaintiff submitted his *Appendix to Plaintiff's Opposition to Defendant Blakely's Motion to Transfer Venue* at 12:03 A.M. *Plaintiff's Opposition to Defendant Blakely's Motion to*

---

[1] It is unclear whether Defendant TMIC agreed to the extension of time for Plaintiff to respond to its first amended counterclaim, since the claim of the extension is made only by Plaintiff and Defendant Blakely. However, in its *Response in Objection to Plaintiff Jeff R. Boggess' Motion for Judgment on the Pleadings and Incorporated Brief in Support Thereof*, filed March 7, 2007, Defendant TMIC does not contest that the extension was agreed. Thus, for the purposes of this order, the Court determines that Defendant TMIC was unopposed to Plaintiff filing his responsive pleading to its amended counterclaim in interpleader on February 16, 2007.

*Transfer Venue*, the third document, has a time stamp of 12:04 A.M.  On February 23, 2007, Plaintiff filed the instant motion seeking leave to file out-of-time the documents he submitted on February 17.  On March 5, 2007, Defendant Blakely filed her response in opposition to the instant motion and a motion to strike Plaintiff's untimely response to her motion to transfer venue.

## II.  ANALYSIS

### A.    Untimely Pleadings

Plaintiff's motion for leave to file his out-of-time pleadings is subject to the "excusable neglect" standard of Federal Rule of Procedure 6(b)(2).  The rule provides in relevant part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion...upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. CIV. P. 6(b).  The determination of what constitutes "excusable neglect" is an equitable one. *See Pioneer Investment Services, Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1993).  The court must take into account all relevant circumstances surrounding the party's omission.  *Id*.  These include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id*.  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Id*. at 392.  Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."  *Id*. at 388.

Plaintiff's three filings, while untimely, were submitted no later than four minutes after the February 16, 2007 deadline agreed to by the parties. The Court can discern no apparent prejudice to the opposing parties by the four-minute delay; a timely filing at 11:59 P.M. on February 16, 2007, is not materially different than the latest untimely filing, which occurred at 12:04 A.M. on February 17, 2007. Because neither filing would have been received by the Court until Monday morning, there is no perceptible impact on the judicial proceedings. According to Plaintiff's affidavit, the circumstances of his dash to the courthouse at 11:32 P.M. on February 16 that led to the untimely filings resulted from a combination of overwork, procrastination, and carelessness – but not bad faith. Accordingly, Plaintiff's motions for leave to his out-of-time motion for judgment and opposition to the motion to transfer venue are granted since he has met the standard of excusable neglect set forth in *Pioneer Investment*, 507 U.S. at 392.[2]

## B.     Corrected Affidavit

Plaintiff also seeks leave to file a notarized version of the affidavit which he previously submitted in support of his opposition to the motion to transfer venue. (*See* Mot. at 6.) Plaintiff requests that the Court "extend to him an accommodation in connection with his affidavit offered to resist the motion to transfer that is similar to that the Court has apparently extended to Defendant Blakely in connection with her affidavit." (*See* Mot. at 6.)

Contrary to Plaintiff's assertion, the Court has extended no accommodation to Defendant Blakely with regard to her affidavit. Local Rule 7.1(i)(1) requires a party who relies on

---

[2]In support of its motion to strike, Defendant Blakely cites to *Lerro v. Quaker Oats Co.*, an out-of-circuit case that purportedly states that "[t]o establish excusable neglect...a movant must show good faith and a reasonable basis for noncompliance." 84 F.3d 239, 242 (7th Cir. 1996); *see* Resp. at 2. The Court is unable to locate this quote within the opinion. Furthermore, *Lerro* addresses the computation of time for service by mail under Rule 6(a) and 6(e), not enlargement under Rule 6(b), as is the case with the instant motion.

documentary evidence, including affidavits, in support of a motion to include such evidence in an appendix. Defendant Blakely indicated in Exhibit 1 to the appendix to the motion to transfer that her affidavit would be supplemented at a later date; there was no affidavit submitted with the appendix. Two days later, Defendant Blakely filed her affidavit; she did not move for leave to amend or supplement her motion with the affidavit, or otherwise show that the filing was proper.

Furthermore, contrary to the assertion made in Plaintiff's *Motion for Leave to File*, *see* Mot. at 5, and the requirements of Local Rule 15.1, his corrected affidavit was not submitted with his motion. Thus, no correctly executed and notarized affidavit by Plaintiff is on file to take the place of the unauthorized affidavit previously submitted as Tab 2 in the *Appendix to Plaintiff's Opposition to Defendant Blakely's Motion to Transfer Venue*.

The Court is therefore confronted with the following situation: Plaintiff properly sought leave to file his corrected affidavit but failed to attach it to his motion as required by the local rules, and Defendant Blakely merely filed her affidavit but did not seek leave to do so or otherwise show that she was entitled to file it without leave. The equitable remedy to this situation is to permit both parties to properly file their respective affidavits.

### III. CONCLUSION

For the foregoing reasons,

(1) *Plaintiff's Unopposed Motion for Leave to File Out-of-Time Motion for Judgment on the Pleadings and Answer to Texas Mutual Insurance Company's First Amended Counterclaim in Interpleader and Plaintiff's Opposed Motion for Leave to File Out-of-Time Opposition to Defendant Blakely's Motion to Transfer Venue and Plaintiff's Opposed Motion to File Corrected Affidavit in Place of Defective Affidavit Previously Submitted in Opposition to Motion to Transfer Venue and Brief in Support Thereof* is hereby **GRANTED**. Defendant Blakely's *Motion to Strike* is hereby **DENIED**.

(2) The affidavit submitted by Defendant Blakely on January 19, 2007, docket number

   13, shall be considered by the Court as a supplement to the *Appendix to Defendant Martha Blakely's Motion to Transfer Venue and Brief in Support Thereof*, submitted on January 17, 2007.

(3) Plaintiff is granted leave to file the correctly executed and notarized affidavit initially included as Tab 2 in the *Appendix to Plaintiff's Opposition to Defendant Blakely's Motion to Transfer Venue* **no later than 5:00 P.M. on Monday, March 19, 2007**.

**SO ORDERED** on this 12th day of March, 2007.

                 */s/ Irma Carrillo Ramirez*
                 IRMA CARRILLO RAMIREZ
                 UNITED STATES MAGISTRATE JUDGE