**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JEFF R. BOGGESS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-2312-BH (L) |
| | § | |
| TEXAS MUTUAL INSURANCE | § | |
| COMPANY and MARTHA BLAKELY, | § | |
| f/k/a MARTHA BLAKELY BOGGESS | § | |
| in her capacity as a Joint Managing | § | |
| Conservator of M.A.B.B. and K.B.B., | § | |
| minors | § | |
| | § | |
| Defendants. | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order of Transfer*, filed February 22, 2007, and the consent of the parties, this matter has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court are the following pleadings:

(1) *Defendant Martha Blakely's Motion to Transfer Venue and Brief in Support Thereof* ("Mot."), filed January 17, 2007;

(2) *Appendix to Defendant Martha Blakely's Motion to Transfer Venue and Brief in Support Thereof* ("Mot. App."), filed January 17, 2007;

(3) *Plaintiff's Opposition to Defendant Blakely's Motion to Transfer Venue* ("Resp."), filed February 17, 2007;

(4) *Appendix to Plaintiff's Opposition to Defendant Blakely's Motion to Transfer Venue* ("Resp. App."), filed February 17, 2007;[1]

---

[1] Pursuant to this Court's *Order*, issued March 12, 2007, Plaintiff's signed and notarized affidavit, filed on March 18, 2007, replaces the unsworn affidavit contained in pages six through eight of Plaintiff's *Appendix*.

(5)   *Defendant Martha Blakely's Reply to Plaintiff's Opposition to Defendant Blakely's Motion to Transfer Venue* ("Reply"), filed March 5, 2007;

After consideration of the pleadings, evidence, and applicable law, *Defendant Martha Blakely's Motion to Transfer Venue* is hereby **GRANTED**.

## I. BACKGROUND

Plaintiff Jeff R. Boggess ("Plaintiff") has resided in Dallas County, Texas since March 2006. Previously, he lived and worked in Austin, Texas, where his ex-wife Defendant Martha Blakely Boggess ("Blakely") currently resides with their two minor children. The 98th Judicial District in Travis County, Texas entered a Final Divorce Decree and Qualified Domestic Relations Order for Child Support ("QDRO") on October 25, 2006. The QDRO orders Plaintiff to pay child support to his minor children from his interest in a 401(a) retirement plan that he participated in through his former employer, Defendant Texas Mutual Insurance Company ("TMIC"). Defendant TMIC's corporate headquarters are in Austin, and the company has a regional office in Dallas.

Plaintiff filed the instant suit on December 15, 2006, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, seeking injunctive relief to prevent Defendant TMIC from complying with the QDRO and transferring a portion of his pension plan assets to Defendant Blakely. On January 17, 2007, Defendant Blakely filed a motion pursuant to 28 U.S.C. § 1404(a) to transfer venue from the Northern District of Texas to the Western District of Texas, Austin Division, for the convenience of parties and in the interests of justice.

## II. ANALYSIS

**A. Standard**

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." 28

U.S.C. § 1404(a). As a threshold matter, the language of § 1404(a) requires the court to determine whether the proposed transferee district is one in which the suit might have been brought.[2] *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). The court must then consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (citing WRIGHT & MILLER, 15 FEDERAL PRACTICE AND PROCEDURE § 3847). These factors include: (1) the convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of unwilling witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general. *Verizon Employee Benefits Comm. v. Glaid*, 2006 WL 3422229, *2 (N.D. Tex. Nov. 28, 2006) (Fish, C.J.). "The moving parties bear the burden of proving by a preponderance of the evidence that transfer is appropriate." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 812 (N.D. Tex. 2002) (Fitzwater, J.). Additionally, the court may not transfer a case where the result is merely to shift inconvenience of the venue from one party to the other. *Fowler v. Broussard*, 2001 WL 184237, *2 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.)

### B. Applying the Eight Factors

The Court now considers the relevant factors to determine whether or not, on balance, a transfer to the Western District of Texas would better serve the interests of justice and enable the litigation to proceed more conveniently. *See Peteet*, 868 F.2d at 1436; *Verizon*, 2006 WL 3422229,

---

[2]Plaintiff does not contest that his action could have been brought in the Western District of Texas. (*See* Resp.) The Court notes that suit would be proper in the Western District of Texas under all three categories of ERISA's jurisdictional provision. *See* 29 U.S.C. § 1132(e)(2) (jurisdiction is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.")

at *2.

### 1. Convenience of the Parties

The first factor for the Court to consider in whether to grant Defendant Blakely's *Motion to Transfer Venue* is the convenience of the parties. Defendant Blakely avers in her affidavit that she lives in Austin with her two minor children and that she suffers from a number of health problems. Defendant Blakely also asserts that virtually all of Defendant TMIC's employees that might testify on behalf of their employer reside in Austin. Plaintiff does not contest these averments and assertions and instead counters that he will experience substantial hardship if he is required to travel to Austin since he has accumulated little leave time with his current employer. While the court may not transfer a case merely to shift inconvenience of the venue from one party to the other, Defendant Blakely has shown that if she and the TMIC employees must travel to Dallas, more witnesses will be inconvenienced if venue is maintained in the current forum. *See Fowler*, 2001 WL 184237, at *2. Furthermore, Defendant Blakely's child care responsibilities and poor health provide additional evidence that she will suffer a greater burden than Plaintiff if venue is maintained in Dallas. *See Verizon Benefits Comm. v. Heinlein*, No. 3:05-CV-2120-L, 2006 U.S. Dist. Lexis 81814, *31-32 (N.D. Tex. Nov. 8, 2006) (defendant's poor health weighed in favor of granting motion to transfer case from Texas to Maryland); *See Tenet Employee Benefit Plan v. Delgado*, 1998 WL 355471, *3 (N.D. Tex. June 26, 1998) (burden imposed on paraplegic *pro se* defendant heavily favored transfer to Southern District of New York). Accordingly, this factor weighs in favor of transferring the case to the Western District of Texas.

### 2. Convenience of Material Witnesses

In addition to considering the convenience of the parties, the Court must consider the

convenience of material witnesses. "[I]t is the convenience of the non-party witnesses that is accorded the greatest weight" in deciding whether to grant a motion to transfer. *Sargent v. Sun Trust, N.A.*, 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004). Since Defendant Blakely bears the burden of proving the case should be transferred, she must identify the key witnesses and the general content of their testimony. *Bank One*, 211 F.Supp.2d at 812 . Defendant Blakely alludes to non-party witnesses that could be involved (Mot. at 5), but fails to identify these witnesses with any specificity or the general content of their testimony. To the extent that material non-party witnesses may be required to testify at trial, Defendant Blakely has not met her burden to establish that this factor weighs in her favor. Furthermore, Plaintiff contends that this ERISA case could be disposed of by summary judgment and that "it is unnecessary for this Court to consider the convenience of any non-party witnesses." (*See* Resp. at 3, 10.) The Court need not determine whether discovery might reveal disputed material facts that would preclude summary judgment and thus require the participation of material witnesses in matters before the Court. Since Defendant Blakely has not met her burden to show how the material non-party witnesses would be inconvenienced, should the Court require their participation, this factor does not weigh in favor of transfer.

### 3. *Availability of Process*

The third factor for the Court to consider is the availability of process to compel the presence of unwilling witnesses. To the extent that any non-party witnesses in Austin would be involved, trial subpoenas for these witnesses to travel more than 100 miles would be subject to motions to quash. *See* FED. R. CIV. P. 45(c)(3)(A)(ii). This factor therefore weighs in favor of transfer.

### 4. *Cost of Obtaining Witnesses*

The fourth factor for consideration is the cost of obtaining the presence of witnesses.

Defendant Blakely and TMIC employees will incur travel and lodging costs if they are called to attend proceedings in Dallas.  Defendant Blakely avers that the cost of defending this lawsuit in Dallas would impose an undue financial burden on her due to the fact that her income is limited to Plaintiff's court-ordered support.  TMIC employees presumably will have to take time off from work.  Plaintiff counters that he too will incur substantial travel and lodging costs that will impose a burden on his limited income.  He avers that after a court-ordered monthly diversion of $3,000 from his salary to Defendant Blakely, he is left with approximately $3,800 per month and is burdened with substantial legal bills and court expenses from his divorce.  (Resp. App. at 7.) Plaintiff concedes that he has some paid time off remaining at his current place of employment.  *Id*. It is clear that either Defendant Blakely or Plaintiff will experience a financial burden traveling to and from the appropriate forum.[3]  However, when the Court considers Plaintiff's remaining paid time off and the additional costs imposed on TMIC witnesses (should they be required to attend proceedings in this case), this factor weighs in favor of transfer.

### 5. *Access to Sources of Proof*

The Court now considers the fifth factor in its analysis, the relative ease of access to sources of proof.  Defendant Blakely states that the documents relating to the disputed pension assets are located in Austin and note that although TMIC maintains a regional office in Dallas, the corporate headquarters are in Austin.  (Mot. at 4.)  Defendant Blakely also notes that all records and court

---

[3]Defendant Blakely urges the Court to consider the relative financial strength of the litigants.  In support of this proposition, she cites to *Gardipee v. Petroleum Helicopters, Inc*.  49 F.Supp.2d 925, 931 (E.D. Tex. 1999). *Gardipee* involved an individual plaintiff seeking redress for a wrongful discharge action against his former employer, one of the world's largest commercial helicopter transport companies with the capacity to convey its representatives to plaintiff's selected forum on its helicopters as part of its ordinary course of business.  *Id*.  The Court in *Gardipee* denied defendant's motion to transfer and cited the relative financial strength between the parties as one factor in its decision.  Although Plaintiff earns more than Defendant Blakely, *Gardipee* is easily distinguished from the instant dispute.

orders related to the underlying divorce proceedings are in Austin. *Id*. Plaintiff counters that Defendant Blakely has failed to offer proof that the amount of documents and their location outside the district would impose a hardship upon the parties unless the venue was transferred. (Resp. at 11.) For this reason, Plaintiff asserts that Defendant Blakely has not met her burden to establish this factor in her favor. *Id*. This district has noted that technological advances have significantly diminished the importance of this factor. *Verizon*, 2006 WL 3422229, * 4 (citing *Mohamed v. Mazda Motor Corp.*, 90 F. Supp.2d 757, 778 (E.D. Tex. 2000). However, neither party addresses the extent to which document production can be handled electronically. Given Defendant Blakely's failure to offer proof that the amount of documents and their location outside the district would impose a hardship upon the parties, the Court finds that this factor is neutral. *NDC Invest. LLC v. Lehman Bros., Inc.*, 2006 WL 2051030, *4 (N.D. Tex. July 21, 2006) (Fitzwater, J.) (holding that factor was neutral where movants had not clearly demonstrated number and volume of documents and records).

### *6. Calendar Congestion*

As to the sixth factor, the relative congestion between the dockets of the Northern and Western Districts of Texas, Defendant Blakely states that calendar congestion is inapposite to their motion to transfer. (Mot. at 7.) Although Plaintiff recognizes that calendar congestion is a consideration (Resp. at 7-8), he does not address this factor in his brief. The Court thus determines that calendar congestion is neutral in its analysis on whether to grant Defendant Blakely's motion.

### *7. Location of Events in Issue*

The next factor for the Court to consider is where the events in issue took place. Plaintiff and Defendant Blakely previously resided together with their two minor children in Austin. This

suit arises from a dispute over the QDRO, which was entered in the 98th Judicial District in Travis County, Texas. The TMIC plan is administered in Austin. Plaintiff, although he resides in the Northern District, has only lived at his current residence since March of 2006.[4] (Resp. App. at 9.) Plaintiff does not contest that the events in issue took place in Austin. Accordingly, this factor favors a transfer.

### 8. *Interests of Justice*

The eighth and final factor for the Court to consider is whether the interests of justice warrant a transfer. Defendant Blakely argues that the interest of justice is best served by transferring the case because Plaintiff seeks injunctive relief from the final divorce decree and QDRO, both of which were entered in Austin. Defendant Blakely, who is in poor health, also notes that the outcome of the litigation will impact the lives of Plaintiff's minor children, who both reside in Austin. While Plaintiff likely will experience some hardship if the case is transferred, this factor weighs in favor of granting Defendant Blakely's motion.

## C. Plaintiff's Choice of Forum

The Court must also consider Plaintiff's choice of forum in determining whether to grant Defendant Blakely's motion to transfer. Although not explicitly stated as a factor to consider in the framework used by this Court to analyze the instant motion, *see Verizon*, 2006 WL 3422229, at *2, other cases have considered plaintiff's choice of forum in whether to grant a motion to transfer. *See NDC Invest.*, 2006 WL 2051030, at *2 (plaintiff's choice of forum is generally entitled to substantial weight unless plaintiff brings suit outside his home forum or the events giving rise to the lawsuit

---

[4] Plaintiff's complaint states that he was employed by Defendant TMIC in Austin for more than seven years. *See Plaintiff's First Amended Original Complaint and Application for Injunctive Relief, Boggess v. Texas Mutual Insurance Company, et al.*, No. 3:06-CV-2312-BH, 4 (N.D. Tex. filed Apr. 1, 2007.)

occurred outside the forum).

Jurisdiction in an ERISA case is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Defendant Blakely's evidence establishes that the pension plan is administered in Austin and that the breach that lead to this dispute occurred there. However, Plaintiff relies on the third category for jurisdiction in the instant case because Defendant TMIC "may be found" in Dallas by virtue of the location of one of its regional offices. Plaintiff cites to *Bank One* for the proposition that his "choice of forum is entitled to substantial weight and should be highly esteemed." 211 F.Supp.2d at 812. However, this district has found that a plaintiff's choice of forum in an ERISA case should only be given deference if, "when all the other factors are equal, the plaintiff's choice of forum is dispositive." *Verizon*, 2006 WL 3422229, at *5. This is not the situation in the instant action since the majority of factors considered by the Court favor a transfer to the Western District of Texas. Furthermore, "the plaintiff's choice of forum has reduced significance where most of the operative facts occurred outside the district." *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, 2003 WL 21251684, at *1 (N. D. Tex. May 23, 2003) (Fish, C.J.); *accord Wallace v. American Petrofina, Inc.*, 659 F.Supp. 829, 831 (E.D. Tex. 1987) (in dicta, court found venue proper and thus denied motion to transfer ERISA case because the breach of the pension plan took place in the Eastern District of Texas.) As previously discussed, all the operative facts of the instant case occurred in Austin, including the court-ordered transfer of Plaintiff's pension plan to Defendant Blakely. Accordingly, Plaintiff's choice of forum does not carry the decisive weight he urges upon the Court.

Having considered all relevant factors to determine whether to grant Defendant Blakely's motion to transfer, the Court determines that five of the factors favor granting Defendant Blakely's

motion to transfer, one does not, and two are neutral in the analysis.  On balance, the Court determines that the dispute between the parties would more conveniently proceed and the interests of justice be better served by transfer to the Western District of Texas, Austin Division.  *See Peteet*, 868 F.2d at 1436.  Since all other factors are not equal, Plaintiff's choice of forum in the Northern District of Texas is not dispositive.  *See Verizon*, 2006 WL 3422229, at *5.  While Plaintiff will no doubt experience some hardship in litigating his case in Austin, the transfer does not merely shift the inconvenience from Defendant Blakely to Plaintiff since other factors favor granting her motion. *See Fowler*, 2001 WL 184237, at *2.

### III.  CONCLUSION

For the foregoing reasons, *Defendant Martha Blakely's Motion to Transfer Venue* is hereby **GRANTED** pursuant to 28 U.S.C. § 1404(a), and the Court hereby **ORDERS** that this action be transferred to the Western District of Texas, Austin Division.  The Clerk of the Court **shall effect** the transfer of this action in accordance with the usual procedure.

**SO ORDERED** on this 7th day of April, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE